## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RAWSHAN ARA HABIB, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1:10-cv-04079-SCJ-RGV |
| | : | |
| BANK OF AMERICA CORP., | : | |
| | : | |
| Defendant. | : | |

## MAGISTRATE JUDGE'S ORDER, REPORT, AND RECOMMENDATION

Pending before the Court are a motion to dismiss plaintiff Rawshan Ara Habib's ("plaintiff") complaint, [Doc. 3], and a motion to stay pretrial deadlines, [Doc. 5], filed by defendant Bank of America Corporation ("Bank of America"). Plaintiff, proceeding *pro se*, opposes the motion to stay pretrial deadlines, [Doc. 7], but has not filed a response to the motion to dismiss, which is therefore deemed unopposed.  See LR 7.1, NDGa.[1]  For the following reasons, Bank of America's motion to stay pretrial deadlines, [Doc. 5], is **GRANTED**, and it is **RECOMMENDED** that Bank of America's motion to dismiss, [Doc. 3], be

---

[1] Although Bank of America's motion is unopposed, the undersigned will address the merits of the motion. See Trainer v. Nix, Civil Action No. 1:07-CV-1227-JOF, 2009 WL 2370677, at *1 (N.D. Ga. July 29, 2009) (considering merits of defendants' motions even though they were unopposed); Eley v. Morris, 390 F. Supp. 913, 917-18 (N.D. Ga. 1975) (evaluating plaintiffs' motions on the merits despite defendants' failure to file responses in opposition).

**GRANTED** and plaintiff's complaint be **DISMISSED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2010, plaintiff filed the instant complaint alleging that Bank of America had violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. for failing to "respond to a qualified TILA request made by plaintiff," and by "trying to enforce [a] fraudulent, deceptive loan agreement." [Doc. 1 at 3]. Plaintiff alleges that on September 30, 2008, she purchased a home located at 4094 Doral Drive, Atlanta, Georgia ("the Property"). [Id. at 2]. From October of 2008 until May of 2009, plaintiff made all of her payments on time, but then fell behind "[d]uring the height of the financial crisis." [Id.]. Plaintiff requested a loan modification from Bank of America, who sent her paperwork, and a request for documentation, which plaintiff returned to Bank of America as requested. [Id.].

Plaintiff alleges that Bank of America modified her loan "[a]fter on[e] year of waiting and several foreclosure attempts." [Id. at 3]. Plaintiff's new monthly payment at that time was $1003.59, though plaintiff alleges that monthly statements sent by Bank of America called for a higher amount. [Id.]. Plaintiff alleges that she contacted Bank of America, but "they were unwilling to help or change the payment to accurate and agreed terms," and that she "made numerous attempts to resolve this issue." [Id.]. Plaintiff alleges that Bank of America "did not respond to a

qualified TILA request made by plaintiff, which is a violation of TILA," that "the loan modification signed between Plaintiff and [Bank of America] is deceptive, misleading . . . [t]he loan modification is null and void," and "[b]y trying to enforce [a] fraudulent, deceptive loan agreement [Bank of America] caused Plaintiff to default and seriously fall far behind on her monthly payment[s]." [Id.].

Plaintiff demands "$100,000 in damages to relocate in the event that [an] investor for her loan successfully forclose[s on] her property due to [Bank of America's] negligence." [Id.]. She also demands "statuary [sic], actual, compensatory and punitive damages" as well as "costs of the action including expenses," and requests a stay of "all foreclosure or eviction proceeding[s]." [Id. at 3-4].

## II.  DISCUSSION

Bank of America moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that her complaint fails to state a claim upon which relief may be granted.  [Doc. 3 at 1].  In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain

statement of the claim showing that the pleader is entitled to relief.'  The complaint need only provide enough information to give a defendant fair notice of the plaintiff's claim and the grounds the claim is based on." <u>Broner v. Wash. Mut. Bank, FA</u>, 258 Fed. App. 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal marks and citations omitted).  To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Id.</u> at 555 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).  "Factual allegations must be enough to raise a right to relief above the speculative level," <u>id.</u>, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," <u>id.</u> at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).  The Supreme Court in <u>Iqbal</u> held:

Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (internal marks and citations omitted).

Furthermore, although *pro se* pleadings are governed by less stringent standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), *pro se* parties are still required to comply with minimum pleading standards set forth in the Federal Rules of Civil Procedure and this district's Local Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D. Fla. Jan. 9, 2008). See also Beckwith v. Bellsouth Telecomms., Inc., 146 Fed. App. 368, 371 (11th Cir. 2005) (per curiam) (unpublished) (stating "[a]lthough we construe them liberally, *pro se* complaints also must comply with the procedural rules that govern pleadings").

## A.  TILA Claim

The purpose of TILA is

> to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.  Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.

Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (internal marks and citations omitted).  Plaintiff's complaint only generally alleges that Bank of America engaged in "fraudulent" and "deceptive" lending practices, and does not specifically describe what action by Bank of America violated any particular TILA requirement.  Consequently, plaintiff has failed to meet even the minimal pleading standards required of a *pro se* plaintiff to state a claim.  See, e.g., Lefont v. SunTrust Mortg., Inc., Civil Action No. 2:10-CV-036-RWS-SSC2011 WL 679426, at *4 (N.D. Ga. Jan. 27, 2011), adopted by 2011 WL 674749 (N.D. Ga. Feb 16, 2011) (quoting Wash. v. CSX Transp. (R.R.), No. CV408-247, 2009 WL 1289032, at *2 (S.D. Ga. May 8, 2009), adopted at *1 ("the *Twombly* pleading standard, even when applied to *pr*[*o*] *se* plaintiffs, simply does not permit a Court to 'reverse-engineer' a plaintiff's conclusion that [s]he is entitled to relief. Instead, the plaintiff must plead facts and law showing why [s]he is entitled to relief.") (emphasis omitted)).  Accordingly, it

6

is **RECOMMENDED** that plaintiff's TILA claim be **DISMISSED**.

### B. Real Estate Settlement Procedures Act ("RESPA")

Plaintiff alleges that Bank of America did not respond to "a qualified TILA request" or a "qualified request." [Doc. 1 at 3]. These allegations suggest that plaintiff is attempting to assert a claim under RESPA, 12 U.S.C. § 2605(e), which governs how and when a loan servicer must respond to a borrower's "Qualified Written Request."[2] See 12 U.S.C. § 2605(e). However, plaintiff's conclusory statements in her complaint fail to give Bank of America fair notice of what her claims are and the grounds upon which they rest. Twombly, 127 S. Ct. at 1964. Plaintiff does not identify that the claim is premised on a RESPA violation, does not state when the alleged QWR was sent or to whom, and does not allege that the QWR was properly drafted according to the requirements of RESPA. See Malally v. BAC Home Loan Servicing, LLC, Civil Action File No. 3:10-CV-0074-JTC-JFK, 2010 WL 5140626, at *7 (N.D. Ga. Oct. 8, 2010), adopted by 2010 WL 5140031 (N.D. Ga. Dec 13, 2010). Accordingly, plaintiff has failed to state any claim against Bank of America under RESPA and any such claim is due to be dismissed. Id. at *8.

---

[2] Bank of America acknowledges that plaintiff may have been attempting to state a RESPA claim, and has moved to dismiss any such claim. [Doc. 3-1 at 7-9]. To the extent plaintiff may have been attempting to make out a claim under 12 U.S.C. § 2605(e) for failure to respond to a qualified written request ("QWR"), the Court will address such a claim.

Furthermore, "alleging a breach of RESPA duties alone does not state a claim under RESPA.  Plaintiff must, at a minimum, also allege that the breach resulted in actual damages." <u>Saldate v. Wilshire Credit Corp.</u>, 711 F. Supp. 2d 1126, 1134 (E.D. Cal. 2010) (internal marks and citation omitted).  <u>See also</u> <u>Amaral v. Wachovia Mortg. Corp.</u>, 692 F. Supp. 2d 1226, 1232 (E.D. Cal. 2010).  Plaintiff's allegations fail to put Bank of America on notice as to how any purported RESPA violations harmed her.  Indeed, "[t]he [c]omplaint does not allege any facts to support a finding that . . . untimely response to the [plaintiff's QWR], if any, caused the [plaintiff] to suffer any type of monetary loss." <u>Melillo v. GMAC Mortg., LLC</u>, Civil No. 10-3392 ADM/LIB, 2011 WL 96629, at *3 (D. Minn. Jan. 11, 2011); <u>see also</u> <u>McClean v. GMAC Mortg. Corp.</u>, 398 Fed. App. 467, 467 (11th Cir. 2010) (per curiam) (unpublished) ("the [plaintiff] must present specific evidence to establish a causal link between the financing institution's violation and her injuries"); <u>Castrillo v. Am. Home Mortg. Serv., Inc.</u>, Civil Action No. 09-4369, 2010 WL 1424398, at *8 (E.D. La. Apr. 5, 2010).

In the absence of any alleged causal link between the claimed damages and Bank of America's alleged RESPA violation, plaintiff has failed to state a RESPA claim.  Likewise, to the extent plaintiff seeks equitable relief under RESPA, it is not available as a matter of law.  <u>See</u> <u>Wilson v. Saxon Mortg. Servs., Inc.</u>, Civil Action

No. 1:08-CV-3630-CAP, at [Doc. 4 at 2 (citing <u>Mullinax v. Radian Guar., Inc.,</u> 199 F. Supp. 2d 311, 333 (M.D.N.C. 2002) ("'[A]n injunction is unavailable in RESPA private actions. . . .'"))] (N.D. Ga. Dec. 1, 2008). <u>See</u> <u>Broner</u>, 258 Fed. App. at 256-57; <u>Johnson v. Scala</u>, No. 05 Civ. 5529(LTS)(KNF), 2007 WL 2852758, at *5 (S.D.N.Y. Oct. 1, 2007) (explaining that there are only three private causes of action under RESPA and finding that plaintiffs failed to plead any facts to establish a cause of action under RESPA sufficient to withstand dismissal).  Any RESPA claim for failure to respond to a QWR is therefore **RECOMMENDED** to be **DISMISSED**.

### C. Fraud

Under Georgia law, the essential elements of fraud that must be pled are: "(1) a false representation by the defendant; (2) scienter; (3) an intent to induce the plaintiff to act or refrain from acting; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff proximately caused by the reliance."  <u>Am. Casual Dining, L.P. v. Moe's Sw. Grill, L.L.C.</u>, 426 F. Supp. 2d 1356, 1364 (N.D. Ga. 2006) (citations omitted). <u>See also</u> <u>JarAllah v. Schoen</u>, 531 S.E.2d 778, 780 (Ga. Ct. App. 2000).  While the complaint includes allegations of fraud, plaintiff has failed to plead with particularity any fraud claims in her complaint.  Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).

"This Rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1370-71 (11th Cir. 1997) (per curiam) (quoting Durham v. Bus. Mgmt. Assocs., 847 F.2d 1505, 1511 (11th Cir. 1988)) (internal marks omitted).

Plaintiff's complaint does not identify any specific false information provided by Bank of America or its agents, contains no details about the alleged misrepresentations that constitute the fraud, and instead rests on conclusory allegations that Bank of America's conduct was "fraudulent," "deceptive," and "misleading." See [Doc. 1 at 1, 3]. Plaintiff has not pleaded how she relied on the alleged misrepresentations or how any misrepresentation or fraudulent act damaged her in any way. See Prime Mgmt. Consulting & Inv. Servs., LLC v. Certain Underwriters at Lloyd's London, No. 1:07-cv-1578-WSD, 2007 WL 4592099, at *8 (N.D. Ga. Dec. 28, 2007). Plaintiff's allegations therefore fail to meet Rule 9(b)'s pleading requirements. See Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1237 (11th Cir. 2008); Brooks, 116 F.3d at 1370-71; Simpson v. Countrywide Home Loans, Civil Action File No. 1:10-CV-0224-CAM-ECS, 2010 WL 3190693, at *7 (N.D. Ga. Apr. 26, 2010), adopted by 2010 WL 3190686, at *3 (N.D. Ga. Aug. 11, 2010). Accordingly, it

is **RECOMMENDED** that plaintiff's fraud claims be **DISMISSED**.

### D.  Injunctive Relief

Plaintiff's complaint requests the Court stay "all foreclosure or eviction proceeding[s]" until this action is resolved.  [Doc. 1 at 4].  However, whether plaintiff seeks a preliminary or permanent injunction, she must show *inter alia*, either actual or likelihood of success on the merits.  See Ziemba v. Am. Home Mortg. Servicing, Inc., Civil Action No. 1:10-CV-02781-RWS, 2010 WL 4721344, at *2 (N.D. Ga. Nov. 15, 2010) ("The preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly carries the burden of persuasion as to the four prerequisites, specifically: (1) that there is a substantial likelihood that the movant will ultimately prevail on the merits . . .") (citation and internal marks omitted); Breland v. McDonald's Corp., Civil Action No. 1:09-CV-0523-RWS, 2010 WL 4683925, at *7 (N.D. Ga. Nov. 10, 2010) ("the standard for a permanent injunction is essentially the same as for a preliminary injunction, except that the movant must show actual success on the merits instead of a likelihood of success on the merits") (citing Siegel v. LePore, 234 F.3d 1163, 1213 (11th Cir. 2000) (per curiam)).  As discussed, plaintiff has not adequately stated any viable claim, much less shown likely or actual success on the merits, so she is not entitled to injunctive relief.

11

### E.  Leave to Amend

In view of plaintiff's *pro se* status, and in light of Eleventh Circuit precedent,[3] the undersigned **RECOMMENDS** that plaintiff's complaint against Bank of America be **DISMISSED WITHOUT PREJUDICE**, and that plaintiff be afforded fourteen (14) days from the date of the District Court's ruling on this Report and Recommendation to file an amended complaint that complies with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure.  If the Court provides plaintiff an opportunity to file a properly amended complaint, and plaintiff fails to do so, the undersigned then **RECOMMENDS** that all of plaintiff's claims be dismissed with prejudice. See Hall v. RTM Restaurant Group, S.E., No. Civ.A. 105CV2251CAP, 2006

---

[3] In Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), the Eleventh Circuit held that where it appears that a more carefully drafted complaint might state a claim upon which relief could be granted, a district court should give the plaintiff at least one chance to amend the complaint before dismissing the action with prejudice.  In Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc), the en banc court overruled Bank in part, holding that a "district court is not required to grant a plaintiff leave to amend [her] complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."  The en banc court expressly declined to address whether its ruling would apply to a party proceeding *pro se*.  Id. at 542 n.1.  In an unpublished decision, however, a panel of the Eleventh Circuit determined that Bank remains good law as applied to *pro se* litigants.  Spear v. Nix, 215 Fed. App. 896, 902 (11th Cir. 2007) (per curiam) (unpublished).  Thus, where a more carefully drafted complaint might state a claim upon which relief could be granted, a court should not dismiss with prejudice a *pro se* complaint even if the plaintiff has not requested leave to amend without giving the plaintiff at least one chance to amend the complaint.

WL 83428, at *3-4 (N.D. Ga. Jan. 11, 2006) (allowing plaintiff to amend complaint to address deficiencies and allege specific facts showing entitlement to relief, and holding that failure to amend would result in recommendation to dismiss counts failing to state claims); Holmes v. City of East Point, Ga., No. Civ. A. 105CV2921MHS, 2005 WL 3478375, at *5 (N.D. Ga. Dec. 20, 2005) (permitting plaintiff, who did not file a motion to amend, request leave to amend, or respond to defendants' motion to dismiss, to file an amended complaint within 30 days, and holding that if plaintiff failed to do so, the court would dismiss with prejudice plaintiff's claims); Guimaraes v. NORS, No. 07-20592-CIV, 2008 WL 4186970, at *5-6 (S.D. Fla. Sept. 5, 2008) (allowing *pro se* plaintiff to re-file an amended complaint which complied with the Federal Rules of Civil Procedure and court's instructions, and holding that complaint would be dismissed with prejudice if plaintiff failed to comply within two weeks); Taylor v. Alvarez, No. 07-23003-CIV, 2008 WL 1840719, at *5 (S.D. Fla. Apr. 21, 2008) (dismissing without prejudice plaintiff's claims on defendants' motion to dismiss, but giving plaintiff two weeks to amend complaint, and holding that if plaintiff failed to do so, court would dismiss case with prejudice).

### F.  Motion to Stay Pretrial Deadlines

The Court has considered the motion to stay pretrial deadlines, [Doc. 5], and concludes that there is good cause to stay the pretrial deadlines until the District

Judge rules on Bank of America's motion to dismiss.[4]  See Porter v. Ray, 461 F.3d 1315, 1320 (11th Cir. 2006) (matters pertaining to discovery are within the discretion of the trial court) (citing Patterson v. U.S. Postal Serv., 901 F.2d 927, 929 (11th Cir. 1990) (per curiam)).

## III. CONCLUSION

---

[4] Plaintiff's opposition to the motion to stay pretrial deadlines does not state good cause for the Court to deny Bank of America's motion, and indeed implicitly acknowledges that good cause exists.  [Doc.  7].  In her motion, plaintiff argues "[Bank of America] through it's [sic] counsel filing the Motion to Stay Pretrial Deadline[s] may be an effort to have the court dismiss the case before they are compelled to produce documents that will show that [Bank of America] indeed [has] the right to collect monthly mortgage payment[s] from Plaintiff . . ." [Id. at 1-2].  However,

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.  Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs.  For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.  Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

Chudasma v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997).  As it is currently drafted, plaintiff's complaint is without merit, and therefore there is good cause to stay discovery obligations until the District Judge rules on Bank of America's motion to dismiss to avoid undue expense to both parties.  Id.

For the foregoing reasons, it is **RECOMMENDED** that Bank of America's motion to dismiss, [Doc. 3], be **GRANTED,** and plaintiff's complaint, [Doc. 1], be **DISMISSED WITHOUT PREJUDICE**, and that plaintiff be granted fourteen (14) days to file an amended complaint that complies with Rules 8, 9, and 10 of the Federal Rules of Civil Procedure.

Additionally, the Court **GRANTS** Bank of America's motion to stay pretrial deadlines, [Doc. 5], and **STAYS** the parties' obligations to comply with the deadlines for conducting a Rule 26(f) conference, serving initial disclosures, and filing a joint preliminary report and discovery plan until the District Judge reviews the Report and Recommendation on the pending motion to dismiss, [Doc. 3].  Should the motion to dismiss be denied, the parties shall comply with all preliminary mandates of the federal and local rules within thirty (30) days of the Court's order denying the motion.

**IT IS SO ORDERED AND RECOMMENDED** this 15th day of March, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

15