**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RAWSHAN ARA HABIB,         :
                                   :
              Plaintiff,     :    CIVIL ACTION NO.
v.                           :    1:10-cv-04079-TWT-RGV
                                   :
BANK OF AMERICA CORP.,    :
                                   :
             Defendant.    :

## ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION

Attached is the Final Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.1.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order.  Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and

any appellate review of factual findings will be limited to a plain error review.

United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 29th day of September, 2011.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| RAWSHAN ARA HABIB, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 1:10-cv-04079-TWT-RGV |
| | : | |
| BANK OF AMERICA CORP., | : | |
| | : | |
| Defendant. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Pending before the Court is a motion to dismiss plaintiff Rawshan Ara Habib's ("plaintiff") amended complaint, [Doc. 17], filed by defendant Bank of America Corporation ("Bank of America"). Plaintiff, proceeding *pro se*, opposes the motion to dismiss. [Doc. 18]. For the following reasons it is **RECOMMENDED** that Bank of America's motion to dismiss, [Doc. 17], be **GRANTED** and plaintiff's amended complaint be **DISMISSED WITH PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2010, plaintiff filed a complaint alleging that Bank of America had violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. for failing to "respond to a qualified TILA request made by plaintiff," and by "trying to enforce [a] fraudulent, deceptive loan agreement." [Doc. 1 at 3]. Bank of America filed a motion to dismiss, [Doc. 3], and on June 29, 2011, the Court granted Bank of

America's motion and dismissed plaintiff's complaint without prejudice, granting plaintiff 14 days to file an amended complaint, [Doc. 15].

On July 13, 2011, plaintiff filed an amended complaint, alleging that Bank of America breached a fiduciary duty it owed to plaintiff.  [Doc. 16 at 3].  Plaintiff's amended complaint sets forth the same facts she asserted in her original complaint. Compare [Doc. 1 at 2-3], with [Doc. 16 at 2-3].  Plaintiff alleges that on September 30, 2008, she purchased a home located at 4094 Doral Drive, Atlanta, Georgia ("the Property").  [Doc. 16 at 2].  From October of 2008 until May of 2009, plaintiff made all of her payments on time, but then fell behind "[d]uring the height of the financial crisis."  [Id.].  Plaintiff requested a loan modification from Bank of America, who sent her paperwork, and a request for documentation, which plaintiff returned to Bank of America as requested.  [Id.].

Plaintiff alleges that Bank of America modified her loan "[a]fter on[e] year of waiting and several foreclosure attempts."  [Id.].  Plaintiff's new monthly payment at that time was $1003.59, though plaintiff alleges that monthly statements sent by Bank of America called for a higher amount.  [Id.].  Plaintiff alleges that she contacted Bank of America, but "they were unwilling to help or change the payment to accurate and agreed terms," and that she "made numerous attempts to resolve this issue."  [Id. at 3].  Plaintiff alleges that Bank of America's "actions caused

serious delinquency on her monthly mortgage payments" and that "[Bank of America] is liable to plaintiff for neglecting their fiduciary duty."   [Id.]. Furthermore, she asserts that "the claim should be granted to rectify [Bank of America] in ability[sic] to perform as per contract."   [Id.].

Plaintiff demands $100,000 in damages to relocate "unless [Bank of America] is willing to write down the principal to adjust for fair market value and adjust her interest rate to no more than 2% fixed 15."   [Id.].  She also demands "statuary [sic], actual, compensatory and punitive damages" as well as "costs of the action including expenses," and requests a stay of "all foreclosure or eviction proceeding[s]."   [Id. at 4].

## II.  DISCUSSION

Bank of America moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that her claim for breach of a fiduciary duty fails as a matter of law.  [Doc. 17 at 1].  In considering a motion to dismiss, the court must accept the plaintiff's allegations as true and construe the complaint in the plaintiff's favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).  "Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'  The complaint need only

3

provide enough information to give a defendant fair notice of the plaintiff's claim and the grounds the claim is based on." Broner v. Wash. Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007) (per curiam) (unpublished) (quoting Fed. R. Civ. P. 8(a)(2)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal marks and citations omitted). To survive a motion to dismiss, a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level," id., as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in

4

a complaint is inapplicable to legal conclusions.  Threadbare recitals of
the elements of a cause of action, supported by mere conclusory
statements, do not suffice. . . . Rule 8 marks a notable and generous
departure from the hyper-technical, code-pleading regime of a prior
era, but it does not unlock the doors of discovery for a plaintiff armed
with nothing more than conclusions.  Second, only a complaint that
states a plausible claim for relief survives a motion to dismiss. . . .
[W]here the well-pleaded facts do not permit the court to infer more
than the mere possibility of misconduct, the complaint has alleged–but
it has not "show[n]"–"that the pleader is entitled to relief."

129 S. Ct. at 1949-50 (internal marks and citations omitted).

Furthermore, although *pro se* pleadings are governed by less stringent
standards than pleadings prepared by attorneys, see Haines v. Kerner, 404 U.S. 519,
520 (1972); Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per
curiam), *pro se* parties are still required to comply with minimum pleading
standards set forth in the Federal Rules of Civil Procedure and this district's Local
Rules, Grew v. Hopper, No. 2:07-cv-550-FtM-34SPC, 2008 WL 114915, at *2 (M.D.
Fla. Jan. 9, 2008); see also Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368,
371 (11th Cir. 2005) (per curiam) (unpublished) (stating "[a]lthough we construe
them liberally, *pro se* complaints also must comply with the procedural rules that
govern pleadings").

To state a claim for breach of fiduciary duty, a plaintiff must allege facts that
establish "(1) the existence of a fiduciary duty; (2) breach of that duty; and (3)
damage proximately caused by that breach."  Nash v. Studdard, 670 S.E.2d 508, 514

5

(Ga. Ct. App. 2008) (quoting Ansley Marine Constr. v. Swanberg, 660 S.E.2d 6, 9 (Ga. Ct. App. 2008)).  "A fiduciary or confidential relationship arises where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith." Savu v. SunTrust Bank, 668 S.E.2d 276, 282 (Ga. Ct. App. 2008) (quoting Yarbrough v. Kirkland, 548 S.E.2d 670, 673 (Ga. Ct. App. 2001)). "The party asserting the existence of a fiduciary or confidential relationship bears the burden of establishing its existence." Id. (quoting Yarbrough, 548 S.E.2d at 673).

Plaintiff's amended complaint generally alleges that Bank of America neglected its fiduciary duty, causing plaintiff to fall behind in her mortgage payments.[1]  See [Doc. 16 at 3].  However, the complaint also alleges that a borrower/lender relationship existed between plaintiff and Bank of America, and there is "no confidential relationship between lender and borrower or mortgagee

---

[1] In her reply brief, plaintiff also alleges that Bank of America failed to produce the note required by law and therefore does not have legal standing to foreclose on plaintiff's real property.  [Doc. 18 at 1].  However, in ruling on a Rule 12(b)(6) motion, a court may "examine only the allegation contained in the complaint, as it is the complaint that must stand or fall on the information contained within its own four corners." TAAM Assoc., Inc. v. Housecall Med. Res. Inc., No. 1:96CV2214 A JEC, 1998 WL 1745361, at *3 (N.D. Ga. Mar. 30, 1998) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984); Weinberger v. Navarro, 957 F. Supp. 220, 222 (S.D. Fla. 1997)).  Accordingly, allegations not contained in plaintiff's amended complaint will not be considered.  See id. at *5 (citing Milburn, 734 F.2d at 765; Laramore v. Ill. Sports Facilities Auth., 722 F. Supp. 443, 451 (N.D. Ill. 1989)).

and mortgagor for they are creditor and debtor with clearly opposite interests." Pardue v. Bankers First Fed. Sav. & Loan Ass'n, 334 S.E.2d 926, 927 (Ga. Ct. App. 1985); see also In re Telfair, 224 B.R. 243, 250 (Bankr. S.D. Ga. 1998) (quoting Moore v. Bank of Fitzgerald, 483 S.E.2d 135, 139 (Ga. Ct. App. 1997)) (internal marks omitted).   "Creditors deal with debtors at arm's length and do not stand in a fiduciary capacity in relationship to the debtor." May v. Citizens & S. Nat'l Bank, 413 S.E.2d 780, 782 (Ga. Ct. App. 1991) (quoting Phillips v. Atl. Bank & Trust Co., 309 S.E.2d 813, 815 (Ga. Ct. App. 1983)).   Thus, the factual allegations contained in the amended complaint do not permit the Court to draw a reasonable inference that the defendant is liable for the breach of fiduciary duty which is alleged, and plaintiff has failed to meet the pleading standards required to state a claim. See Ashcroft, 129 S. Ct. at 1949.  Accordingly, it is **RECOMMENDED** that plaintiff's amended complaint be **DISMISSED**.

### III.  CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that defendant's motion to dismiss plaintiff's amended complaint, [Doc. 17], be **GRANTED** and plaintiff's amended complaint against defendant be **DISMISSED WITH PREJUDICE**.[2]

---

[2] Since plaintiff has already had an opportunity to amend her complaint after having been put on notice of the deficiencies in her original complaint, and she has

The Clerk of Court is **DIRECTED** to terminate referral of this action to the undersigned Magistrate Judge.

   **IT IS SO RECOMMENDED** this 29th day of September, 2011.

_Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

---

failed to state a viable claim against Bank of America, it is **RECOMMENDED** that the amended complaint be dismissed with prejudice.  See Infante v. Bank of Am. Corp., 680 F. Supp. 2d 1298, 1307 (S.D. Fla. 2009) (citing Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam)); Therault v. Moisdon, No. 6:08-cv-222-Orl-31KRS, 2008 WL 2229461, at *1 (M.D. Fla. Apr. 28, 2008), adopted by 2008 WL 2229456, at *1 (M.D. Fla. May 28, 2008); Trent v. Mortg. Elec. Registration Sys., Inc., 618 F. Supp. 2d 1356, 1366 n.13 (M.D. Fla. 2007).